the facts, with costs to the appellant, and judgment is directed to be entered in favor of the defendant dismissing the complaint, as a matter of law, with costs. Considering the physical arrangement and appearance of the pier buildings and entrance, there was no justification for plaintiff's regarding the bumper blocks of the loading platform as a means of entrance to the pier. There was no implied invitation to plaintiff to use that means of entrance or to use the blocks as steps and the condition presented was not a dangerous one within reasonable contemplation. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ WILLIAM K. WALLACE et al., as Copartners Doing Business under the Name of W. K. WALLACE & COMPANY, Respondents-Appellants, v. JENNIS M. DOROSHOW, Appellant-Respondent.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ KOPPER'S CHOCOLATE SPECIALTY CO., INC., Appellant, v. DAVID KOPPER CANDY CORPORATION, Respondent, et al., Defendant.— Judgment affirmed, with costs to appellant. Concur — Peck, P. J., Frank, Valente and McNally, JJ.; Rabin, J., dissents and votes to reverse and order a new trial in the following memorandum: In my opinion plaintiff established a prima facie case since the agreement in evidence indicates that Kopper, through whom defendants base their right to use the name, gave up to the plaintiff all "claim" and "any proprietary interest" therein. Although on this record there was no need to establish a secondary meaning, the proof tended to establish one. There was likewise proof of confusion. Defendants should have been put to their proof and the complaint should not have been dismissed upon the close of the plaintiff's case. [See post, p. 1013.]

■ TIGRAN MELIK, as Executor of A. BISHOP TIRAYRE, Deceased, Respondent, v. HRANT G. BALEKJIAN, Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ In the Matter of FIFTH AVENUE REALTY CORP., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ. [See 5 A D 2d 768.]

■ In the Matter of FIFTH AVENUE REALTY CORP., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ. [See 5 A D 2d 768.]

■ In the Matter of 30 FIFTH AVENUE, INC., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ. [See 5 A D 2d 768.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN KILDARE, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ LOUIS JACOBSON, Appellant, v. EDWARD SALVAGE, Defendant, and VOGUE OPTICAL MANUFACTURING CO., INC., Respondent.— Order dismissing the complaint against the defendant-respondent for insufficiency is modified to the extent of granting leave to the appellant to serve an amended complaint, and as so modified, affirmed. It appears from the allegations of the first cause of action that the joint venture did not materialize. In the absence of an allegation that the respondent entered into the agreement to engage in the joint venture, there is no cause of action for the breach thereof. The second